## Baldwin v. Baldwin.

January 16, 1951.

Ray L. Murphy, Judge.

R. Howard Smith for appellant.

Davies & Hirschfeld for appellee.

VAN SANT, COMMISSIONER—Affirming.

Appellant instituted this action for divorce from her husband, the appellee. She alleged cruel and inhuman treatment. Appellee did not answer nor has he filed a brief on this appeal. In a judgment entered on the 29th day of January, 1949, the Chancellor granted appellant a divorce from bed and board, ordered the transfer to appellant of certain funds she had on deposit in a bank, and allotted appellant all the household furniture except a stove, one table, six chairs, and a bedroom suite. He additionally awarded alimony to appellant in the amount of $80.00 per month. On the 12th day of February, 1949, appellee filed a motion to modify the judgment. After a hearing, the motion was sustained and the award of alimony was reduced to $60.00 per month. Appellant has appealed from both judgments, contending that she was entitled to an absolute divorce and that the award of alimony is insufficient. Appellee has not filed a cross-appeal.

Appellant, now 48 years of age, and appellee, 54, were married October 2, 1926. They have a son and daughter, both of whom are grown. The husband has a daughter by a former marriage, who was reared from infancy by the parties to this action, but who had married and no longer lived with her parents at the time the suit was instituted. The parties separated October 20, 1947, appellant taking up her residence with a sister. She testified that her reason for leaving was "he was so mean in his talk at all times to me and my family that I just had enough of it." The testimony for appellant consists merely of petty complaints. She related that her husband was not pleased with the manner in which she prepared food and she would have to prepare a "special plate" for him. She admitted that he never mistreated her physically; but complained that she visited no one, did not entertain any friends in her home, and except for a picnic once or twice a year, she led a drab life. She contends that her husband was "mean" to their son Dickie and that on one occasion asked him to work when he was ill. She said that on many occasions

she cared for her husband's mother and that on one occasion Mr. Baldwin tried to "force" her to sign an agreement whereby his brother could build a house on their farm. She stated that reconciliation was impossible although she admitted that her husband had attempted to induce her to return to their home after she instituted the action. The complaint in respect to Dickie seems to be that of an over indulgent mother concerning the conduct of a reasonably stern father in rearing his child. Our consideration of the whole record does not raise more than a doubt in our minds that the Chancellor erred in refusing to grant appellant an absolute divorce. This conclusion requires affirmance of the judgment in that respect.

The husband lives approximately twenty miles from his work and earns approximately $43.00 per week after deductions for taxes and social security benefits. He rides to and from his work with a group of friends and shares the expenses of the trips. The farm on which he resides is owned jointly by him and his wife and was purchased from their joint earnings and savings. Appellant refused to disclose the name of her employer and would not testify as to the exact amount of her earnings although she was forced to admit that they amounted to at least $35.00 per week. She started to work in the year 1935 and testified that she earned $1,000.00 during one period of six months. She claims she is unable to work now and introduced medical testimony to the effect that she should not be working. Nevertheless, so far as the record shows, she continues in her employment to the satisfaction of her employer. Under these circumstances we are of the opinion that the award of $60.00 per month is liberal and that the court did not err in reducing the original award.

The judgments are affirmed.